Mark J. Wilk, OSB #814218
mwilk@oregonlawcenter.org
Azanet Hayden, OSB #203816
ahayden@oregonlawcenter.org
Veronica Digman-McNassar, OSB #120792
vdigman@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Phone: (503) 981-0336
Fax: (503) 981-0373

Stephen Walters, OSB #801200
swalters@oregonlawcenter.org
Oregon Law Center
522 SW 5th Ave, Suite 812
Portland, OR 97204
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **RICARDO ORDONEZ GREGORIO, GILBERTO GARCIA ORDONEZ, ANDRES ORDONEZ JIMENEZ, GABRIEL GREGORIO HERNANDEZ, JULIO CARDONA ORDONEZ, JOAQUIN ORDONEZ CARDONA, ALFREDO ORDONEZ CARDONA, ALICIA HERNANDEZ GREGORIO, ELMER ESCALANTE GREGORIO, ROGELIO ORDONEZ ANDRES, ISMAEL ORDONEZ ANDRES, GABRIEL GARCIA ORDONEZ, ANDRES SANTOS VELASQUEZ, CELESTINO HERNANDEZ CARDONA, JUAN ANDRES GOMEZ, ANDRES VELASQUEZ FABIAN, CEFERINO LEONEL GOMEZ** Plaintiffs, | Case No. 1:21-cv-01078-CL  FIRST AMENDED COMPLAINT  Migrant and Seasonal Agricultural Worker Protection Act (29 USC §§ 1801 – 1872), Camp Operator Registration Act (ORS 658.750), Oregon Contractor Registration Act (ORS 658.440), Oregon Wage statutes (ORS 652.145 and ORS 652.150)  **DEMAND FOR JURY TRIAL** |
| v. | |
| **COLT JAMISON HANSEN,** an individual **WESTCOAST GROWERS, LLC., TOPSHELF HEMP, LLC., FIRE HEMP, LLC.,** Defendants. | |

Page  1  – FIRST AMENDED COMPLAINT

## I.   PRELIMINARY STATEMENT

1.  Plaintiffs are migrant agricultural workers who were recruited by an unlicensed contractor to work seasonally in agriculture for Defendants in Josephine County, Oregon. Defendants did not give Plaintiffs written employment disclosures or employment contracts, failed to ensure that their housing complied with safety and health laws, and failed to pay them their final wages. Defendants are not registered or licensed to provide migrant agricultural housing in Oregon.

2.  Plaintiffs are entitled to recover statutory damages andunpaid wages under the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), Oregon Camp Operator Registration Act (CORA), Oregon Contractor Registration Act (OCRA), and Oregon wage statutes.

## II.   JURISDICTION AND VENUE

3.  Jurisdiction over Plaintiffs' federal claims is conferred on this Court by 28 U.S.C. §1331, in that this action arises under the laws of the United States, 29 U.S.C. §1854(a) (AWPA).

4.  This Court has supplemental jurisdiction of the claims based in Oregon law under 28 U.S.C. §1367, as all claims are so related as to form part of the same case or controversy.

5.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and all Defendants reside.

## III.   PARTIES

6.  Plaintiff, Ricardo Ordonez Gregorio, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

Page 2 – FIRST AMENDED COMPLAINT

7.  Plaintiff, Andres Ordonez Jimenez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

8.  Plaintiff, Gabriel Gregorio Hernandez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

9.  Plaintiff, Julio Cardona Ordonez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

10. Plaintiff, Joaquin Ordonez Cardona, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

11. Plaintiff, Alfredo Ordonez Cardona, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp

warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

12. Plaintiff, Alicia Hernandez Gregorio, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

13. Plaintiff, Elmer Escalante Gregorio, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

14. Plaintiff, Rogelio Ordonez Andres, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

15. Plaintiff, Ismael Ordonez Andres, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

16. Plaintiff, Ceferino Leonel Gomez, a resident of Woodburn, OR, worked for Defendants in

Grants Pass, Oregon from approximately October 26, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

17. Plaintiff, Gilberto Garcia Ordonez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

18. Plaintiff, Andres Santos Velasquez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

19. Plaintiff, Celestino Hernandez Cardona, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

20. Plaintiff, Juan Andres Gomez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at

3903 Helms Rd. Grants Pass, OR 97527.

21. Plaintiff, Andres Velasquez Fabian, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

22. Plaintiff, Gabriel Garcia Ordonez, a resident of Woodburn, OR, worked for Defendants in Grants Pass, Oregon from approximately November 3, 2020, until approximately November 12, 2020, performing agricultural labor of a seasonal or temporary nature on Defendants' hemp warehouse, located at 700 Merlin Rd. Bldg. E. Grants Pass, OR 97526 and farm located at 3903 Helms Rd. Grants Pass, OR 97527.

23. At all times relevant to this action, Plaintiffs were migrant agricultural workers within the meaning of the AWPA, 29 U.S.C. §1802(8)(a), in that they were employed in agricultural labor of a seasonal or temporary nature and were required to be absent overnight from their permanent place of residence.

24. Defendant Colt Jamison Hansen., ("Hansen") is an individual engaged in the business of growing and marketing hemp.

25. At all relevant times, Defendant Hansen was an agricultural employer under AWPA, 29 U.S.C. §1802(2) who provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

26. Defendant Hansen does business under a number of different names and entities, including Defendants WestCoast Growers LLC., Topshelf Hemp LLC., and Fire Hemp LLC. ("Entity Defendants"). Each of the Entity Defendants lists its business address as 700 Merlin Rd.

Grants Pass, OR 97526, and names Defendant Hansen as its managing member and registered agent.

27. On information and belief, Defendant Hansen used some or all of the Entity Defendants to recruit and employ Plaintiffs and to commit the statutory violations and other wrongful acts described in this Complaint.

28. At all times relevant to this action, Defendant WestCoast Growers, LLC., ("WestCoast") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

29. Defendant WestCoast is registered with the Oregon Department of Agriculture as a hemp grower and handler.

30. At all times relevant to this action, Defendant Topshelf Hemp, LLC., ("Topshelf") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

31. Defendant Topshelf is registered with the Oregon Department of Agriculture as a hemp grower and handler.

32. At all times relevant to this action, Defendant Fire Hemp, LLC., ("Fire Hemp") was a domestic limited liability company registered in Oregon with its principal place of business in Grants Pass, OR, and was an agricultural employer under AWPA, 29 U.S.C. §1802(2) that provided and controlled migrant agricultural worker housing, 29 U.S.C. § 1821(c) and 1823.

IV.   FACTS

33.  Defendants, using an unlicensed farm labor contractor, "Celestino," hired Plaintiffs and

other workers to harvest, dry, clean, and sort industrial hemp plants and to complete other tasks as assigned by Defendant Hansen at Defendants' hemp farm, located at 3903 Helms Rd. Grants Pass, OR 97527 and hemp warehouse located at 700 Merlin Rd. Bldg. E, Grants Pass OR 97526.

34. Plaintiff Ricardo Ordonez Gregorio was given "Celestino's" phone number by a friend who told Plaintiff he could contact "Celestino" for work. Plaintiff Ricardo Ordonez Gregorio called "Celestino", who told him about the work at Defendants' farm and warehouse.

35. Plaintiffs Ricardo Ordonez Gregorio, Andres Ordonez Jimenez, Gabriel Gregorio Hernandez, Julio Cardona Ordonez, Joaquin Ordonez Cardona, Alfredo Ordonez Cardona, Alicia Hernandez Gregorio, Elmer Escalante Gregorio, Rogelio Ordonez Andres, Ismael Ordonez Andres, and Ceferino Leonel Gomez began working for Defendants on approximately October 26, 2020.

36. Plaintiffs Gilberto Garcia Ordonez, Gabriel Garcia Ordonez, Andres Santos Velasquez, Celestino Hernandez Cardona, Juan Andres Gomez, and Andres Velasquez Fabian began working for Defendants on approximately November 3, 2020.

37. Defendants failed to complete required employment I-9 and W-4 employment forms for Plaintiffs, nor did they ever provide Plaintiffs required W-2 forms.

38. Defendants, upon information and belief, failed to deduct and withhold from Plaintiffs' wages, a tax determined in accordance with IRS tax laws.

39. Defendant Hansen and his supervisors always carried handguns.

40. Defendant Hansen and his supervisors kept long arms such as rifles and shotguns in their vehicles.

Page 8 – FIRST AMENDED COMPLAINT

41. Plaintiffs were aware that Defendant Hansen and his supervisors carried firearms.

42. Defendant Hansen yelled profanities and demeaning words and demanded that Plaintiffs work fast.

43. Plaintiffs often worked more than 12 hours per day.

44. Plaintiffs often went entire shifts without rest or lunch breaks.

45. Although Plaintiffs felt physically exhausted, they felt compelled to work as fast as they could so as not to anger Defendant Hansen.

46. While employed, Defendants provided Plaintiffs with labor housing on-site at Defendants' farm.

47. Defendants failed to ensure that the housing complied with applicable health and safety standards.

48. The housing provided by Defendants for Plaintiffs and other migrant workers was unsafe, unhealthy, and in violation of the law.

49. Defendants failed to post a notice of the terms and conditions of occupancy of housing facilities provided to the Plaintiffs.

50. Plaintiffs Ricardo Ordonez Gregorio, Andres Ordonez Jimenez, Gabriel Gregorio Hernandez, Julio Cardona Ordonez, Joaquin Ordonez Cardona, Alfredo Ordonez Cardona, Alicia Hernandez Gregorio, Elmer Escalante Gregorio, Rogelio Ordonez Andres, Ismael Ordonez Andres, and Ceferino Leonel Gomez were assigned to share an empty trailer to sleep in.

51. The trailer contained one bed, which some of the workers shared; the others slept on the floor using blankets that they brought from home.

52. Plaintiffs Gilberto Garcia Ordonez, Gabriel Garcia Ordonez, Andres Santos Velasquez, Celestino Hernandez Cardona, Juan Andres Gomez, and Andres Velasquez Fabian were

assigned an abandoned, dilapidated, and unsafe house to stay in.

53.  The house was empty, so the workers slept on the floor.

54. The trailer and house where Plaintiffs were housed did not have water or working

bathrooms.

55. Plaintiffs purchased water to drink and cook their meals with.

56. Defendants placed two port-a-potties near the housing but failed to empty them when

they became full, so Plaintiffs relieved themselves outside.

57. There was one shower available at Defendants' warehouse.

58. Plaintiffs took turns showering but not everyone was able to shower every day.

59. When the hot water ran out, Plaintiffs that still needed to shower, would take cold

showers.

60. The trailer and house where Plaintiffs stayed did not have any heating to keep Plaintiffs

warm.

61. The trash that Plaintiffs generated sat outside of the housing because Defendants

refused to clean or remove it.

62. Plaintiffs and other workers did not have access to safe and sanitary cooking facilities, in that

they were required to prepare their meals outside on a propane stove they purchased.

63. Plaintiffs and other workers were not provided an adequate number of tables and chairs, and

Plaintiffs and other workers had to stand to eat and they were not able to prepare their meals

on tables.

64. Defendants failed to provide written employment disclosures to Plaintiffs at the time of

recruitment.

65.  Defendants failed to provide Plaintiffs with written employment contracts.

66. Defendants promised to pay Plaintiffs gross wages at $20 dollars per hour.

67. Plaintiffs were paid some wages, which they divided up amongst themselves.

68. Plaintiffs terminated their employment with Defendants on or about November 12, 2020, because of Defendants' failure to pay their wages.

69. Defendant WestCoast advertised drying and hanging space in Defendants' warehouse to other hemp growers.

70. Plaintiffs, upon information and belief, while employed by Defendants, performed work on agricultural product that was not incidental to or in conjunction with Defendants' hemp operation.

71. Plaintiffs were non-exempt employees under FLSA for the work performed at Defendants' warehouse from November 1 through November 12, 2020.

72. Defendants, upon information and belief, failed to make, keep, and preserve accurate time records of Plaintiffs' hours of work, their gross and net pay, and all deductions taken from their pay in October and November of 2020.

73. Defendants failed to provide Plaintiffs with itemized pay statements that listed all of the hours they worked, the specific amounts and bases for all deductions, the employer's name and address, and the employer identification number (EIN) in October and November of 2020.

74. Defendants, upon information and belief, failed to timely file certified payroll records with the Oregon Bureau of Labor and Industries for October and November of 2020.

75. Defendants willfully failed to pay plaintiffs their final pay immediately upon termination of their employment.

76. Defendants' actions were intentional for purposes of the AWPA.

77.  Defendants failed to verify that "Celestino" was complying with state and federal licensing requirements.

78.  Plaintiffs made written demand for their unpaid wages and statutory damages on April 12, 2021, and April 27, 2021.

79.  Plaintiffs have attempted in good faith to resolve this dispute without litigation.

80.  Plaintiffs filed a complaint with the Oregon Bureau of Labor and Industries (BOLI) prior to filing this civil action.

81.  Plaintiffs have been required to obtain the services of an attorney to enforce their rights and seek attorney fees pursuant to ORS 658.805(4), ORS 658.475, ORS 652.200(2), and 29 U.S.C § 216(b).

## V.   CLAIMS FOR RELIEF

### FIRST CLAIM: (Migrant and Seasonal Agricultural Worker Protection Act (AWPA))

82.  Plaintiffs re-allege paragraphs 1–81.

83.  Defendants intentionally violated the AWPA in that:

    a.  Defendants failed to provide Plaintiffs with written work disclosures upon recruitment, in violation of 29 USC § 1821(a);

    b.  Defendants failed to post an AWPA poster at worksite in violation of 29 USC § 1821(b);

    c.  Defendants knowingly misrepresented employment conditions to Plaintiffs in violation of 29 USC § 1821(f);

    d.  Defendants violated the terms of the working arrangement they entered into with Plaintiffs in violation of 29 USC § 1822(c);

    e.  Upon information and belief, Defendants failed to make, keep, and preserve accurate

Page 12 – FIRST AMENDED COMPLAINT

payroll records, in violation of 29 USC § 1821(d)(1);

 f. Defendants failed to provide Plaintiffs with adequate itemized wage statements, in violation of 29 USC § 1821(d)(2);

 g. Defendants failed to pay Plaintiffs all of their wages when due, in violation of 29 USC § 1822(a);

 h. Defendants failed to ensure that the housing he provided complied with applicable health and safety standards, in violation of 29 USC § 1823(a);

 i. Defendants failed to post a notice of the terms and conditions of occupancy of housing facilities provided to the Plaintiffs in violation of 29 USC § 1821(c);

 j. Defendants used an unlicensed farm labor contractor, in violation of 29 USC § 1842;

84. Each Plaintiff is entitled to statutory damages of $500.00 for each of Defendants' violations of the AWPA pursuant to 29 U.S.C. § 1854, together with their court costs.

**SECOND CLAIM: (Oregon Camp Operator Registration Act (CORA) ORS 658.750)**

85. Plaintiffs re-allege paragraphs 1–84.

86. Defendants intentionally violated the CORA in that:

 a. Defendants violated ORS 658.755(2)(a) by not registering the agricultural labor housing with OR OSHA, pursuant to ORS 658.750(1);

 b. Defendants violated ORS 658.717(1) by failing to post a required informational notice on a form provided by OR-OSHA;

 c. Defendants violated ORS 658.755(1)(c) by failing to comply with all applicable health and safety laws;

 d. Defendants violated ORS 658.755(2)(e) by assisting a person not entitled to operate agricultural labor housing to act in violation of ORS 658.705 to 658.850, or ORS

658.405 to 658.503, or ORS Chapter 654;

   e. Defendants violated ORS 658.730(2) by failing to post conspicuously a farm labor

      contractor indorsement to operate agricultural labor housing;

87. Each Plaintiff is entitled to recover statutory damages of $500 pursuant to ORS 658.805(4).

88. Plaintiffs are entitled to recover attorney fees pursuant to ORS 658.805(4).

**THIRD CLAIM: (Oregon Contractor Registration Act (OCRA) ORS 658.440)**

89. Plaintiffs re-allege paragraphs 1–88.

90. Defendants intentionally violated the OCRA in that:

   a. Defendants failed to pay Plaintiffs all wages when due, inviolation of ORS

      658.440(1)(c).

   b. Defendants failed to ensure that housing complied with safety and health laws, in

      violation of ORS 658.440(2)(b).

   c. Defendants assisted an unlicensed person to violate the OCRA by using an unlicensed

      contractor to recruit Plaintiffs, in violation of ORS 658.440(3)(e).

   d. Defendants failed to provide written work disclosures to Plaintiffs upon

      recruitment, in violation of ORS 658.440(1)(f).

   e. Defendants failed to provide Plaintiffs with written work agreements at time of hire,

      in violation of ORS 658.440(1)(g).

   f. Defendants misrepresented employment conditions to Plaintiffs in violation of ORS

      658.440(3)(b).

   g. Defendants failed to comply with contracts entered into with Plaintiffs, in violation of

      ORS 658.440(1)(e).

   h. Defendants failed to provide Plaintiffs with adequate itemized written wage

Page 14 – FIRST AMENDED COMPLAINT

statements, in violation of ORS 658.440(1)(h).

i.   Defendants under information and belief, failed to timely file certified payroll records
     with the Oregon Bureau of Labor and Industries, in violation of ORS 658.440(1)(i).

j.   Defendants are personally, jointly, and severally liable for Plaintiff's wages and
     penalty wages pursuant to ORS 658.415(8).

k.   Defendants are personally, jointly, and severally liable for violations of the OCRA
     pursuant to ORS 658.465.

91. Each Plaintiff is entitled to statutory damages of $1000.00 for each of Defendants' violations
    of the OCRA pursuant to ORS 658.453(4), together with their court costs and attorney fees.

### FOURTH CLAIM: (Nonpayment of Wages ORS 652.145)

92.  Plaintiffs re-allege paragraphs 1–91.

93.  Defendants failed to pay Plaintiffs their final wages.

94. Plaintiffs are entitled to recover unpaid wages pursuant to ORS 652.145 in the amount
    of:

a.    Ricardo Ordonez Gregorio is entitled to recover $2,260.00 in unpaid wages
      pursuant to ORS 652.145.

b.   Plaintiff Andres Ordonez Jimenez is entitled to recover $2,360.00 in unpaid
     wagespursuant to ORS 652.145.

c.   Plaintiff Gabriel Gregorio Hernandez is entitled to recover $2,360.00 in unpaid
     wagespursuant to ORS 652.145.

d.   Plaintiff Julio Cardona Ordonez is entitled to recover $2,360.00 in unpaid wages
     pursuant to ORS 652.145.

e.   Plaintiff Joaquin Ordonez Cardona is entitled to recover $1,940.00 in unpaid

wagespursuant to ORS 652.145.

f.  Plaintiff Alfredo Ordonez Cardona is entitled to recover $1,940.00 in unpaid
    wagespursuant to ORS 652.145.

g.  Plaintiff Alicia Hernandez Gregorio is entitled to recover $1,940.00 in unpaid
    wagespursuant to ORS 652.145.

h.  Plaintiff Elmer Escalante Gregorio is entitled to recover $1,940.00 in unpaid
    wagespursuant to ORS 652.145.

i.  Plaintiff Rogelio Ordonez Andres is entitled to recover $460.00 in unpaid wages
    pursuant to ORS 652.145.

j.  Plaintiff Ismael Ordonez Andres is entitled to recover $460.00 in unpaid wages
    pursuant to ORS 652.145.

k.  Plaintiff Ceferino Leonel Gomez is entitled to recover $1,920.00 in unpaid
    wagespursuant to ORS 652.145.

l.  Plaintiff Gilberto Garcia Ordonez is entitled to recover $1,300.00 in unpaid
    wagespursuant to ORS 652.145.

m.  Plaintiff Andres Santos Velasquez is entitled to recover $1,300.00 in unpaid
    wagespursuant to ORS 652.145.

n.  Plaintiff Celestino Hernandez Cardona is entitled to recover $1,300.00 in unpaid
    wagespursuant to ORS 652.145.

o.  Plaintiff Juan Andres Gomez is entitled to recover $1,300.00 in unpaid wages
    pursuant to ORS 652.145.

p.  Plaintiff Andres Velasquez Fabian is entitled to recover $2,600.00 in unpaid
    wagespursuant to ORS 652.145.

Page 16 – FIRST AMENDED COMPLAINT

q.  Plaintiff Gabriel Garcia Ordonez is entitled to recover $1,300.00 in unpaid

wagespursuant to ORS 652.145.

95.  Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

**FIFTH CLAIM: (Late Payment of Wages ORS 652.150)**

96.  Plaintiffs re-allege paragraphs 1–95.

97.  Defendants failed to pay Plaintiffs all of their wages immediately when work ended andfurther

failed to pay Plaintiffs their unpaid wages after their written demand.

98.  Each Plaintiff is entitled to recover statutory penalty wages in the amount of $4,800.00 for

their work in October and November of 2020, pursuant to 652.150.

99.  Plaintiffs are entitled to recover court costs and attorney fees, pursuant to ORS 652.200(2).

**SIXTH CLAIM: (Fair Labor Standards Act (FLSA))**

100.  Plaintiffs re-allege paragraphs 1–99.

101.  Defendants willfully violated the FLSA in that:

102.  Plaintiffs were covered, non-exempt employees under FLSA for work performed in

Defendants' warehouse from November 1 through November 12.

103.  Defendants failed to pay Plaintiffs at least 1.5 times their regular rate of pay for all hours

worked in excess of 40 hours each workweek that they worked at Defendants' warehouse.

104.  Plaintiffs suffered lost wages and liquidated damages in the amount of:

a.  Plaintiff Ricardo Ordonez Gregorio suffered lost wages of $945.00 and an additional

equal amount as liquidated damages under 29 U.S.C. § 216(b).

b.  Plaintiff Andres Ordonez Jimenez suffered lost wages of $999.00 and an additional

equal amount as liquidated damages under 29 U.S.C. § 216(b).

c.  Plaintiff Gabriel Gregorio Hernandez suffered lost wages of $1,434.00 and an

additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   d.  Plaintiff Joaquin Ordonez Cardona suffered lost wages of $1,323.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   e.  Plaintiff Alfredo Ordonez Cardona suffered lost wages of $954.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   f.  Plaintiff Alicia Hernandez Gregorio suffered lost wages of $ 954.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   g.  Plaintiff Elmer Escalante Gregorio suffered lost wages of $954.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   h.  Plaintiff Rogelio Ordonez Andres suffered lost wages of $954.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   i.  Plaintiff Ismael Ordonez Andres suffered lost wages of $954.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   j.  Plaintiff Ceferino Leonel Gomez suffered lost wages of $1434.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   k.  Plaintiff Gilberto Garcia Ordonez suffered lost wages of $540.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   l.  Plaintiff Celestino Hernandez Cardona suffered lost wages of $1059.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   m.  Plaintiff Andres Velasquez Fabian suffered lost wages of $924.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

   n.  Plaintiff Juan Andres Gomez suffered lost wages of $1059.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

Page 18 – FIRST AMENDED COMPLAINT

    o.  Plaintiff Andres Santos Velasquez suffered lost wages of $1074.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

    p.  Plaintiff Gabriel Garcia Ordonez suffered lost wages of $210.00 and an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

105.  Plaintiffs are also entitled to their reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Defendants as follows:

1.  On their First Claim for Relief (AWPA), statutory damages of $500.00 per violation, per worker, pursuant to 29 U.S.C. §1854(c).

2.  On their Second Claim for Relief (CORA), statutory damages of $500.00 per worker, pursuant to ORS 658.805(4).

3.  On their Third Claim for Relief (OCRA), statutory damages of $1000.00 per violation, per worker, pursuant to ORS 658.453(4).

4.  On their Fourth Claim for Relief (Nonpayment of Wages), award

    a.  Plaintiff Ricardo Ordonez Gregorio $2,260.00;

    b.  Plaintiff Andres Ordonez Jimenez $2,360.00;

    c.  Plaintiff Gabriel Gregorio Hernandez $2,360.00;

    d.  Plaintiff Julio Cardona Ordonez $2,360.00;

    e.  Plaintiff Joaquin Ordonez Cardona $1,940.00;

    f.  Plaintiff Alfredo Ordonez Cardona $1,940.00;

    g.  Plaintiff Alicia Hernandez Gregorio $1,940.00;

h.  Plaintiff Elmer Escalante Gregorio $1,940.00;

i.  Plaintiff Rogelio Ordonez Andres $460.00;

j.  Plaintiff Ismael Ordonez Andres $460.00;

k.  Plaintiff Gilberto Garcia Ordonez $1,300.00;

l.  Plaintiff Andres Velasquez Fabian $2,600.00;

m. Plaintiff Andres Santos Velasquez $1,300.00;

n.  Plaintiff Juan Andres Gomez $1,300.00;

o.   Plaintiff Ceferino Leonel Gomez $1,920.00;

p.  Plaintiff Gabriel Garcia Ordonez $1,300.00; and

q.  Plaintiff Celestino Hernandez Cardona $1,300.00 in unpaid wages.

5.  On their Fifth Claim for Relief (Penalty Wages), statutory penalty wages of $4,800.00

per worker, pursuant to ORS 652.150.

6.  On their Sixth Claim for Relief (FLSA), compensation of unpaid overtime wages and

liquidated damages in an amount equal to the damages awarded to Plaintiffs for unpaid

overtime wages, pursuant to 29 U.S.C. § 216(b).

7.  Plaintiff's costs and attorney fees, pursuant to ORS 658.805(4), ORS 658.453(4), ORS

658.475, ORS 652.200(2), and 29 U.S.C § 216(b).

8.  Prejudgment interest on Plaintiffs' unpaid and penalty wages, pursuant to ORS.

82.010.

9.  Such other and further relief as the Court deems just, reasonable and proper.

Plaintiffs demand a jury trial.

OREGON LAW CENTER

September 21, 2021                                        s/ Azanet Hayden

_____                        _____

Page  20 – FIRST AMENDED COMPLAINT

Date

Azanet Hayden, OSB No. 203816
ahayden@oregonlawcenter.org
Oregon Law Center
230 W. Hayes Street
Woodburn, Oregon 97071
Telephone: 503- 981-0336
Facsimile: 503-981-0373